PROB. 12B
(7/93)

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 20 2006

at ____ o'clock and ___ min. ___M
SUE BEITIA, CLERK

# United States District Court

## for the

## DISTRICT OF HAWAII

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: LOREN D. HAMMOND          Case No. CR 02-00226DAE-02

Name of Sentencing Judicial Officer:   The Honorable David Alan Ezra
                                       Chief U.S. District Judge

Date of Original Sentence: 1/21/2003

Original Offense:   <u>Count 2</u>: Distribution of Cocaine Base Within 1,000 Feet of a Private University, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a)

Original Sentence:  Twenty-seven (27) months imprisonment to be followed by six (6) years supervised release, with the following special conditions: 1) That the defendant participate in a substance abuse program for the first three years of supervised release, which must include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office access to any requested financial information; 4) That the defendant participate in a mental health program at the discretion and direction of the Probation Office; and 5) Without prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map attached to the Judgement.

<u>Type of Supervision</u>: Supervised Release    <u>Date Supervision Commenced: 2/14/2005</u>

Prob 12B
(7/93)

2

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

    Mandatory Condition:   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Conditions | The subject's urine specimen submitted on 1/9/2006 tested positive for THC. |

    On 2/14/2006, the subject began his term of supervision under the U.S. Probation Office, District of Hawaii. During his processing, the subject was referred for substance abuse treatment and random drug testing at Hina Mauka, Waipahu, Hawaii. The subject was later transferred for mental health and substance abuse treatment with Dr. Kevin Connors, PsyD., in Honolulu, Hawaii. The subject was also transferred for periodic drug testing with the recently contracted federal provider, Freedom Recovery Services (FRS), Honolulu, Hawaii.

    This report concerns the following:

    As the Court may recall, the subject has previously tested positive for marijuana on 4/26/2005, 6/24/2005, 6/29/2005, and 10/12/2005. In response to these relapses, the subject actively participated in individual counseling sessions, attended weekly Alcoholics/Narcotics Anonymous classes, submitted to increased urinalysis testing, and secured placement in a residential treatment program at Hina Mauka on 11/8/2005. Despite his attendance at meetings and classes, the subject was discharged from Hina Mauka on 11/30/2005. According to facility personnel, the subject failed to comply with program rules after a "misunderstanding" about his discharge date. Upon his discharge, the subject began participating in an intensive outpatient treatment program (IOP) at FRS on 12/7/2005.

    On 1/9/2006, the subject provided a urine specimen at FRS that tested presumptively positive for marijuana. The specimen was forwarded to Scientific Testing Laboratories, Inc. (STL) for confirmation testing. On 1/11/2006, the subject admitted to smoking marijuana on 1/9/2005. He then apologized for his misconduct and agreed to address his recent relapse at his IOP group counseling sessions.

Prob 12B
(7/93)

3

On 1/12/2006, this officer consulted with the subject's IOP substance abuse counselor, Stephanie Tsai-Burch, Certified Substance Abuse Counselor (CSAC). Ms. Burch reported that the subject has been making "dramatic" improvement since his admittance into the IOP program on 12/7/2006. In addition to the IOP curriculum, the subject has agreed to participate in family group treatment sessions to address domestic problems involving his wife. Ms. Burch believes that the subject has benefitted from this additional module of treatment. In this regard, the subject and his wife have been identifying spousal expectations and learning to effectively communicate and address daily life stressors. In comparison to inpatient treatment, Ms. Burch attributed the subject's recent progress to "a more comfortable environment without the constant pressure of strict program rules and regulations." Accordingly, Ms. Burch recommended that the subject continue IOP treatment with close monitoring and random drug testing.

On 1/17/2006, this officer consulted with the subject's mental health counselor, Dr. Kevin M. Connors. Dr. Connors was oriented to the IOP curriculum and the subject's participation in family group treatment. He then recommended that the subject be allowed to continue IOP treatment at FRS. Dr. Connors added that periodic mental health counseling sessions may be appropriate after the subject completes the IOP program.

Based upon his willingness to address his relapse in a structured curriculum, it is recommended that the subject be allowed to continue IOP treatment with periodic drug testing at the highest frequency. Additionally, in light of U.S. vs. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community. In considering the foregoing steps, it is recommended that the Court take no further action against the subject.

Prob 12B
(7/93)

4

    Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release.

                                                                                    Respectfully submitted by,

                                                                                     CARTER A. LEE
                                                                                     U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 1/18/2006

Prob 12B
(7/93)

5

THE COURT ORDERS:

[ X ]   The Modification of Conditions as Noted Above
[  ]    Other

_____
DAVID ALAN EZRA
U.S. District Judge

JAN 2 0 2006
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

Mandatory Condition:   *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.*

Witness: _[signature]_   Signed: _[signature]_

1/18/06
Date