Prob 12C
(Rev. 3/95 D/HI)

**ORIGINAL**

## SEALED BY ORDER OF THE COURT

**United States District Court**

for the

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 18 2006

at __ o'clock and __ min __
SUE BEITIA, CLERK

U.S.A. vs. <u>LOREN D. HAMMOND</u>          Docket No. <u>CR 02-00226DAE-02</u>

**REQUEST FOR COURSE OF ACTION**
(Statement of Alleged Violations of Supervised Release)

COMES NOW CARTER A. LEE, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of LOREN D. HAMMOND, who was placed on supervision by the Honorable David Alan Ezra, sitting in the Court at Honolulu, Hawaii, on the 21st day of January, 2003, who fixed the period of supervision at 6 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program for the first three years of supervised release, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map attached to the Judgement.

The subject's term of supervised release commenced on 2/14/2005.

On 1/20/2006, the Court modified the subject's conditions of supervised release as follows:

Mandatory condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Probation Forms 7A and 12B are attached) as follows:

1. The subject submitted urine specimens which tested positive for tetrahydrocannabinol (THC) on 4/26/2005, 6/24/2005, 10/12/2005, and 1/9/2006, in violation of the General Condition.

2. The subject admitted to the possession and use of marijuana on or about 4/18/2006, in violation of the General Condition.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   5/17/2006

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Prob 12C
(Rev. 3/95 D/HI)

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed until such time the defendant has been arrested and the warrant duly executed.

Considered and ordered this 17th day of May, 2006, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
U.S. District Judge

Re:   HAMMOND, Loren D.
      Criminal No. CR 02-00226DAE-02
      REVOCATION OF SUPERVISED RELEASE

## STATEMENT OF FACTS

As background information, the subject pled guilty to Distribution of Cocaine Base Within 1,000 Feet of a Private University. On 1/21/2003, he was sentenced to 27 months imprisonment and 6 years of supervised release with the special conditions noted in the petition. The subject's supervised release commenced on 2/14/2005. When processed for supervision, the subject was referred for substance abuse treatment and random drug testing at Hina Mauka, Waipahu, Hawaii. In addition, the subject was later referred for mental health and substance abuse treatment with Dr. Kevin Connors, PsyD., in Honolulu, Hawaii. The subject was also referred for periodic drug testing with Freedom Recovery Services (FRS), Honolulu, Hawaii.

As the Court may recall, the subject previously tested positive for marijuana on 4/26/2005, 6/24/2005, and 10/12/2005. In response to those relapses, the subject was provided with a continuum of rehabilitation opportunities which included active participation in individual counseling sessions, weekly Alcoholics/Narcotics Anonymous (AA/NA) classes, increased urinalysis testing, and eventual placement in a residential treatment program at Hina Mauka on 11/8/2005. Within the first month of residential treatment at Hina Mauka, the subject was discharged from the program by mutual agreement by the parties due to a "misunderstanding" about his discharge date. Upon his discharge, the subject was placed in an intensive outpatient treatment program (IOP) at FRS on 12/7/2005. The subject subsequently tested positive for THC on 1/9/2006. Based on his willingness to continue treatment and his participation in family group treatment, Your Honor took no action on that violation and allowed him to continue with IOP treatment.

However, as discussed below, the subject recently admitted to using THC on or about 4/18/2006.

The previously submitted violations and the recent admission of illicit drug use are as follows:

**Violation No. 1 – Submission of 4/26/2005, 6/24/2005, 10/12/2005, and 1/9/2006 Urine Specimens Which Tested Positive for Tetrahydrocannabinol (THC) or Marijuana:**

On 4/26/2005, the subject submitted a urine specimen which tested presumptive positive for marijuana at the U.S. Probation Office. The specimen was forwarded to Quest Diagnostics (Quest) for confirmation testing. On 5/3/2005, the U.S. Probation Office received confirmation from Quest that the specimen was positive for marijuana.

Re:  HAMMOND, Loren D.
     Criminal No. CR 02-00226DAE-02
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 2

     When confronted about the positive urine test, the subject admitted that on or about 4/24/2005, he smoked marijuana. The subject stated that his neighbor introduced him to a male who offered him a marijuana "joint." The subject added that he was unable to resist the temptation and smoked a few "hits." The subject acknowledged that it was a mistake. Additionally, the subject indicated that he wanted to continue with substance abuse treatment. The subject was allowed to continue with substance abuse treatment and required to attend 3 AA/NA meetings per week.

     On 6/24/2005, the subject submitted a urine specimen which tested presumptive positive for marijuana at Drug Addiction Services of Hawaii (DASH). The specimen was forwarded to Quest and later confirmed positive for marijuana. Initially, the subject denied using the drug and attributed the positive result to the consumption of "cold medication." On 6/28/2005, the subject reported to the U.S. Probation Office. When confronted about the positive result, the subject admitted that he purchased and smoked a "joint" on 6/24/2005. He attributed the relapse to his wife's continuous pressure to attend drug/church meetings and to earn higher wages. The subject expressed remorse and indicated that he wanted to continue with substance abuse treatment.

     On 6/29/2005, the subject's counselor contacted this officer and advised that the subject's rehabilitation efforts were being adversely affected by his wife's interference. He noted that the subject was previously allowed to attend 2 church meetings a week, in lieu of AA/NA meetings. One of the meetings involved individual counseling with the subject's father-in-law, who is an "elder" for a Jehovah's Witness Congregation. The counselor recommended that the subject attend a minimum of 3 AA/NA meetings per week, in addition to any voluntary church meetings, to develop a support system outside of his marital relationship and church associations. The counselor also agreed to focus on the subject's relapse and encouraged him to take more responsibility for his own rehabilitation.

     On 6/29/2005, the subject submitted a urine specimen which tested presumptive positive for marijuana at DASH. The subject contacted this officer after submitting the urine specimen and stated that the positive test result did not constitute new use. The specimen was forwarded to Quest and later confirmed positive for marijuana. The subject is not being charged for this positive test result because the laboratory analysis of the urine could not confirm whether the positive test result constituted new drug use.

     On 10/12/2005, the subject submitted a urine specimen at FRS that tested presumptive positive for marijuana, opiates, and cocaine. The specimen was forwarded to Scientific Testing Laboratories, Inc. (STL) and later confirmed positive for

Re:  HAMMOND, Loren D.
     Criminal No. CR 02-00226DAE-02
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 3

marijuana and hydrocodone. Initially, the subject denied using any illicit substances, but admitted to the consumption of alcohol on 10/12/2005. The subject was reminded that he was prohibited from consuming alcohol while participating in substance abuse treatment and instructed to report for an office visit on 10/24/2005.

On 10/24/2005, the subject reported to the U.S. Probation Office. When confronted about the positive result, the subject admitted that he had a "problem with marijuana" and attributed the relapse to stressors relating to his employment and family. As to the positive test result for opiates, the subject presented a valid prescription for the drug from City Pharmacy, Kapahulu, Hawaii. The subject expressed remorse and indicated that he wanted to continue with substance abuse treatment. As a result, the subject was instructed to undergo a substance abuse assessment.

On 10/25/2005, the subject underwent a substance abuse assessment at Hina Mauka, Kaneohe, Hawaii. The subject reported that he was deemed eligible for Hina Mauka's inpatient treatment program and agreed to enroll in the program to address his relapse. In addition, the subject's mental health counselor advised that the subject would benefit from intensified counseling to address his cognitive deficits and poor judgment. The subject entered the residential treatment program at Hina Mauka on 11/8/2005.

On 1/9/2006, the subject provided a urine specimen at FRS that tested presumptively positive for marijuana and opiates. The specimen was forwarded to STL and later confirmed positive for marijuana and various prescribed opiates. On 1/11/2006, the subject admitted to smoking marijuana on 1/9/2006. He then apologized for his misconduct and agreed to address his relapse at his IOP group counseling sessions.

On 1/12/2006, this officer consulted with the subject's IOP substance abuse counselor, Stephanie Tsai-Burch, Certified Substance Abuse Counselor (CSAC). Ms. Burch reported that the subject displayed progress since his admittance into the IOP program on 12/7/2005 and believed that he would benefit from family group treatment sessions to address domestic problems involving his wife.

On 1/17/2006, this officer consulted with the subject's mental health counselor, Dr. Kevin M. Connors. Dr. Connors was oriented to the IOP curriculum and the subject's participation in family group treatment. He then recommended that the subject be allowed to continue IOP treatment at FRS. Dr. Connors added that periodic mental health counseling sessions might be appropriate once the subject completed the IOP program. As Your Honor may recall, the subject was allowed to continue IOP treatment under the new curriculum with close monitoring and random drug testing.

Re:  HAMMOND, Loren D.
     Criminal No. CR 02-00226DAE-02
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 4

### Violation No. 2 - Possession and Use of THC:

On 4/25/2006, the subject provided a urine specimen at FRS that tested presumptive positive for marijuana. The specimen was forwarded to STL for confirmation testing. While this officer was out of district, Supervising U.S. Probation Officer (SUSPO) Peter D. Yoshihara contacted the subject and questioned him about the presumptive positive test result. The subject denied that he used any illicit drugs. SUSPO Yoshihara reminded the subject that no further drug use would be tolerated and asked him whether he wanted to change his representation. The subject further denied drug use and acknowledged that he was aware of the consequences.

On 5/5/2006, this officer contacted the subject's IOP substance abuse counselor, Stephanie Tsai-Burch. She reported that the subject's wife recently confided that the subject had been drinking alcohol and became physically abusive after the 4/25/2006 presumptive positive result. On that date, this officer conducted an unannounced home inspection. The subject's wife answered the door, but did not recognize this officer. This officer noticed that the subject's wife had a black eye. After this officer identified himself, the subject's wife reported that her cat had scratched her eye and added that the subject was still at work. Before leaving the residence, the subject's wife expressed concern about the subject's recent presumptive positive test and explained that he was drinking a herbal "detox" drink that could have caused false test results. The subject was contacted on his cellular telephone and instructed to report to the U.S. Probation Office. He later denied using illicit substances on or before 4/25/2006 and/or the consumption of alcohol. The subject also confirmed his wife's statement that she was injured by the family cat.

On 5/8/2006, the subject's IOP substance abuse counselor, Stephanie Tsai-Burch, reported that the subject admitted to drug use and the consumption of alcohol after an evening IOP treatment session on 5/5/2006. On that date, the subject stated that he was involved in a "fight" with his wife approximately one week before his presumptive positive test, or on or about 4/14/2006. After the fight, the subject left his residence and drove his vehicle near Kapiolani Park. He later met an acquaintance and they smoked a "joint." The subject also admitted that he consumed hard liquor after his 4/25/2006 drug test and had recently "drove drunk." Ms. Tsai-Burch noted that the subject was fully aware that he had exhausted his "last chance."

Based upon the aforementioned violations, it is respectfully recommended that a No Bail warrant be issued and the subject be brought before the Court to show cause why supervision should not be revoked. Since being received on supervised release, the subject has tested positive for illegal drugs on multiple occasions and has not responded to a corresponding escalation in substance abuse treatment. In considering

Re:  HAMMOND, Loren D.
     Criminal No. CR 02-00226DAE-02
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 5

the subject's history of untruthfulness and tendency to avoid the consequences of his behavior rather than display a sincere commitment to rehabilitation, he will not benefit from continued participation in substance abuse treatment and presents a danger to the community.

                                    Respectfully submitted by,

                                    _____
                                    CARTER A. LEE
                                    U.S. Probation Officer

Approved by:

_____
PETER D. YOSHIHARA
Supervising U.S. Probation Officer

CAL/dck

Re:   HAMMOND, Loren D.
      Criminal No. CR 02-00226DAE-02
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 6

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant is prohibited from the possession and use of alcohol.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:      **LOREN HAMMOND**                                    Docket No. CR 02-00226DAE-02
Address:  837 Lukepane Street, Apt. A
          Honolulu, Hawaii 96816

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable David Alan Ezra, Chief U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of six (6) years commencing upon release from confinement (2/14/05).

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)   The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)   The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*(1)* *That the defendant participate in a substance abuse program for the first three years of supervised release, which must include drug testing at the discretion and direction of the Probation Office.*

*(2)* *That the defendant is prohibited from possessing any illegal or dangerous weapons.*

*(Special conditions continued on next page)*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____  1/26/05
LOREN HAMMOND, Defendant              Date

_____  1/26/05
MARK T. NUGENT                        Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:    **LOREN HAMMOND**
        Docket No. CR 02-00226DAE-02

Conditions of Probation and Supervised Release
**(continued from previous page)**

(3)    *That the defendant provide the Probation Office access to any requested financial information.*

(4)    *That the defendant participate in a mental health program at the discretion and direction of the Probation Office.*

(5)    *Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____  1/26/05
          LOREN HAMMOND, Defendant     Date

_____  1/26/05
          MARK T. NUGENT     Date
          U.S. Probation Officer

PROB. 12B
(7/93)

# United States District Court

## for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 20 2006

at ___ o'clock and ___ min. ___M
SUE BEITIA, CLERK

RECEIVED
U.S. PROBATION OFFICE
HONOLULU, HAWAII

'06 JAN 20

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: LOREN D. HAMMOND        Case No. CR 02-00226DAE-02

Name of Sentencing Judicial Officer:   The Honorable David Alan Ezra
                                       Chief U.S. District Judge

Date of Original Sentence: 1/21/2003

Original Offense:   <u>Count 2</u>: Distribution of Cocaine Base Within 1,000 Feet of a
Private University, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a)

Original Sentence:  Twenty-seven (27) months imprisonment to be followed by six
(6) years supervised release, with the following special conditions:
1) That the defendant participate in a substance abuse program for
the first three years of supervised release, which must include drug
testing at the discretion and direction of the Probation Office;
2) That the defendant is prohibited from possessing any illegal or
dangerous weapons; 3) That the defendant provide the Probation
Office access to any requested financial information; 4) That the
defendant participate in a mental health program at the discretion
and direction of the Probation Office; and 5) Without prior approval
of the Probation Office, the defendant shall not enter the
"Operation Weed and Seed" target area which is bordered by
Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway,
North King Street, Dillingham Boulevard, and Kokea Street, as
depicted in the map attached to the Judgement.

<u>Type of Supervision</u>: Supervised Release    Date Supervision Commenced: 2/14/2005

Prob 12B
(7/93)

2

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

    Mandatory Condition:   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Conditions | The subject's urine specimen submitted on 1/9/2006 tested positive for THC. |

On 2/14/2006, the subject began his term of supervision under the U.S. Probation Office, District of Hawaii. During his processing, the subject was referred for substance abuse treatment and random drug testing at Hina Mauka, Waipahu, Hawaii. The subject was later transferred for mental health and substance abuse treatment with Dr. Kevin Connors, PsyD., in Honolulu, Hawaii. The subject was also transferred for periodic drug testing with the recently contracted federal provider, Freedom Recovery Services (FRS), Honolulu, Hawaii.

This report concerns the following:

As the Court may recall, the subject has previously tested positive for marijuana on 4/26/2005, 6/24/2005, 6/29/2005, and 10/12/2005. In response to these relapses, the subject actively participated in individual counseling sessions, attended weekly Alcoholics/Narcotics Anonymous classes, submitted to increased urinalysis testing, and secured placement in a residential treatment program at Hina Mauka on 11/8/2005. Despite his attendance at meetings and classes, the subject was discharged from Hina Mauka on 11/30/2005. According to facility personnel, the subject failed to comply with program rules after a "misunderstanding" about his discharge date. Upon his discharge, the subject began participating in an intensive outpatient treatment program (IOP) at FRS on 12/7/2005.

On 1/9/2006, the subject provided a urine specimen at FRS that tested presumptively positive for marijuana. The specimen was forwarded to Scientific Testing Laboratories, Inc. (STL) for confirmation testing. On 1/11/2006, the subject admitted to smoking marijuana on 1/9/2005. He then apologized for his misconduct and agreed to address his recent relapse at his IOP group counseling sessions.

Prob 12B
(7/93)

3

On 1/12/2006, this officer consulted with the subject's IOP substance abuse counselor, Stephanie Tsai-Burch, Certified Substance Abuse Counselor (CSAC). Ms. Burch reported that the subject has been making "dramatic" improvement since his admittance into the IOP program on 12/7/2006. In addition to the IOP curriculum, the subject has agreed to participate in family group treatment sessions to address domestic problems involving his wife. Ms. Burch believes that the subject has benefitted from this additional module of treatment. In this regard, the subject and his wife have been identifying spousal expectations and learning to effectively communicate and address daily life stressors. In comparison to inpatient treatment, Ms. Burch attributed the subject's recent progress to "a more comfortable environment without the constant pressure of strict program rules and regulations." Accordingly, Ms. Burch recommended that the subject continue IOP treatment with close monitoring and random drug testing.

On 1/17/2006, this officer consulted with the subject's mental health counselor, Dr. Kevin M. Connors. Dr. Connors was oriented to the IOP curriculum and the subject's participation in family group treatment. He then recommended that the subject be allowed to continue IOP treatment at FRS. Dr. Connors added that periodic mental health counseling sessions may be appropriate after the subject completes the IOP program.

Based upon his willingness to address his relapse in a structured curriculum, it is recommended that the subject be allowed to continue IOP treatment with periodic drug testing at the highest frequency. Additionally, in light of U.S. vs. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community. In considering the foregoing steps, it is recommended that the Court take no further action against the subject.

Prob 12B
(7/93)

4

      Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release.

                                      Respectfully submitted by,

                                      CARTER A. LEE
                                      U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 1/18/2006

Prob 12B
(7/93)

5

THE COURT ORDERS:

[ X ]   The Modification of Conditions as Noted Above
[   ]   Other

_____
DAVID ALAN EZRA
U.S. District Judge
JAN 2 0 2006
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

Mandatory Condition:   *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.*

Witness: _____     Signed: _____

1/18/06
Date