EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

THOMAS C. KOENIG      #3704
Special Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone: 356-4402
Facsimile: 355-4499
E-mail:  tkoenig@HI-HIDTA.org


                IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,     )  CR. NO. 02-00226-02 DAE
                              )
          Plaintiff,          )  GOVERNMENT'S RESPONSE TO
                              )  DEFENDANT LOREN D. HAMMOND'S
     vs.                      )  MOTION TO MODIFY AN IMPOSED
                              )  TERM OF IMPRISONMENT PURSUANT
LOREN D. HAMMOND,   (02)      )  TO THE U.S.S.G. AND 18 U.S.C
                              )  § 3582
          Defendant.          )
_____)


        GOVERNMENT'S RESPONSE TO DEFENDANT LOREN D. HAMMOND'S
          MOTION TO MODIFY AN IMPOSED TERM OF IMPRISONMENT
            PURSUANT TO THE U.S.S.G. AND 18 U.S.C § 3582


        Defendant LOREN D. HAMMOND filed a motion for reduction

of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a

recent amendment to the Sentencing Guidelines which lowered the

base offense levels applicable to cocaine base ("crack")

offenses.

In stating its determination to apply the crack cocaine amendment retroactively, the Sentencing Commission declared that this authority will go into effect on March 3, 2008. Accordingly, this Court is without authority to reduce a sentence prior to that date. (As will be addressed at length below, this Court's authority to alter an otherwise final sentence in this case is wholly dependent on the authorization of the Sentencing Commission.) Nevertheless, for the convenience of the Court and to facilitate the orderly disposition of the many pending motions resulting from the amendment, the government presents its response at this time.

This amendment, however, is inapplicable to the defendant, as he is not serving a term of imprisonment which may be reduced under Section 3582(c)(2), but rather a term for violation of supervised release.

I.    **BACKGROUND**

Defendant LOREN D. HAMMOND (hereinafter "Defendant") was sentenced on January 21, 2003, to 27 months incarceration, to be followed by six years of Supervised Release, for violation of 21 U.S.C. §§ 841(a)(1) and 860, Distribution of Cocaine Within 1,000 feet of a School or Playground. Defendant served the term of incarceration and commenced the term of Supervised Release on February 14, 2005.

On May 18, 2006, a Request for Course of Action was filed, alleging violations of terms of Supervised Release, which resulted in the arrest of defendant, and a hearing was set to show cause why defendant's Supervised Release should not be revoked. Following the hearing on May 25, 2006, Defendant was sentenced to serve 36 months of imprisonment.

Defendant filed a timely Notice of Appeal of the sentence that was imposed for violation of terms and conditions of Supervised Release on June 9, 2006. In that appeal defendant failed to raise the issue that is the subject of the instant motion, nor has the defendant at any time appealed his original sentence for distribution of "crack" cocaine. By Order of the United States Court of Appeals for the Ninth Circuit, a Final Judgement was filed on March 8, 2007, granting LOREN D. HAMMOND'S Motion for Voluntary Dismissal of Appeal.

## II.  **ARGUMENT**

Defendant claims that the term of imprisonment he is currently serving for violation of terms and conditions of Supervised Release is improper because the United States Sentencing Commission has amended the sentencing guidelines, lowering the guideline range for "crack" cocaine. That amendment is to take effect on March 3, 2008. Defendant's motion is based on 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been
> sentenced to a term of imprisonment based on

3

a sentencing range that has subsequently been
lowered by the Sentencing Commission pursuant
to 28 U.S.C. § 994(o), upon motion of the
defendant or the Director of the Bureau of
Prisons, or on its own motion, the court may
reduce the term of imprisonment, after
considering the factors set forth in section
3553(a) to the extent that they are
applicable, if such a reduction is consistent
with applicable policy statements issued by
the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing

Commission has identified the amendments which may be applied

retroactively pursuant to this authority, and articulated the

proper procedure for implementing the amendment in a concluded

case.[1]  On December 11, 2007, the Commission issued a revised

version of Section 1B1.10, which emphasizes the limited nature of

relief available under 18 U.S.C. § 3582(c).  Revised Section

---

[1]Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also
implements 28 U.S.C. § 994(u), which provides:  "If the
Commission reduces the term of imprisonment recommended in the
guidelines applicable to a particular offense or category of
offenses, it shall specify in what circumstances and by what
amount the sentences of prisoners serving terms of imprisonment
for the offense may be reduced."

A guideline amendment may be applied retroactively only when
expressly listed in Section 1B1.10(c).  See, e.g., United States
v. Perez, 129 F.3d 255, 259 (2nd Cir. 1997); United States v.
Thompson, 70 F.3d 279, 281 (3rd Cir. 1995); United States v.
McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath,
89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15
F.3d 68, 70-71 (6th Cir. 1994); United States v. Wyatt, 115 F.3d
606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438,
1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768
(10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909
(11th Cir. 2003).

1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

> (1)  In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2)  Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>> (A)  none of the amendments listed in subsection (c) is applicable to the defendant; or
>>
>> (B)  an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3)  Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2]  On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of

---

[3]In a separate matter, the Supreme Court recently held in Kimbrough v. United States, 128 S. Ct. 558 (2007) that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

### III. DEFENDANT IS PRESENTLY INCARCERATED FOR A VIOLATION OF SUPERVISED RELEASE

The amendment does not benefit the defendant, however. He is presently serving a term of imprisonment for violation of supervised release, not for his original offense. Section 1B1.10, which, pursuant to Congressional authority, defines the circumstances in which a sentence may be reduced based on a retroactive amendment, states in its application notes:

7

> Only a term of imprisonment imposed as part
> of the original sentence is authorized to be
> reduced under this section.  This section
> does not authorize a reduction in the term of
> imprisonment imposed upon revocation of
> supervised release.

U.S.S.G. § 1B1.10 app. note 4(A).  Therefore, the defendant's

motion should be summarily denied.

DATED:  Honolulu, Hawaii, January 8, 2007.


EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


/s/ Thomas C. Koenig
By_____
THOMAS C. KOENIG, Esq.
Special Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by First Class Mail:

Loren Hammond                          January 8, 2008
88988-022
FCI Englewood
Federal Correctional Institution
Inmate Mail/Parcels
9595 West Quincy Avenue
Littleton, CO 80123


                                       /s/ Patricia L. Redondo
                                       _____

9