Loren D. Hammond III, Pro-se
USMS No.: #88988-022
FCI ENGLEWOOD
9595 W. Quincy Avenue
Littleton, Colorado  80123-1159

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LOREN D. HAMMOND,<br>    Defendant/Petitioner,<br><br>v<br><br>UNITED STATES OF AMERICA,<br>    Respondant. | SUPPLEMENT MOTION FOR<br>MODIFICATION OF AN IMPOSED<br>TERM OF IMPRISONMENT<br>PURSUANT TO 18 USC § 3582(c)(2)<br><br>Case No.: 1:02-cr-00226DAE-02 |

   Comes Now, the defendant and petitioner in the above entitled case, Loren D. Hammond pro se, and respectfully moves this Honorable Court for its order modifying its previously imposed sentence of imprisonment pursuant to 18 USC § 3582(c)(2) and pursuant to Amendment 706 of the US Sentencing Guidelines. An amendment that was made retroactively available to the defendant/petitioner under 1B1.10(c) of the United States Sentencing Guidelines (USSG).

   In support of this motion the petitioner offers this Honorable Court the following facts and information for its consideration;

   On January 21,2003 defendant/petitioner was sentenced pursuant to a plea agreement to a term of 26 months followed by 6 years of Supervised release for one count of (Distribution of a schedule II controlled substance, within 1,000 feet of the real property comprising a private university) a violation of 21 USC §§ 841(a)(1) and 860(a).

   On May 25,2006 defendant/petitioner appeared before this Honorable Court on a Petition to Revoke Supervised Release a violation of 18 USC § 3583(g)(4); and was sentenced to a term of imprisonment to

1

36 months with **NO!** supervision followed after imprisonment.

Just a year after the defendant/petitioner sentencing, the United States Sentencing Commission approved and passed amendment 706. An amendment that was made retroactively available to petitioner under 1B1.10(c) of the USSG and triggers the authorization for a reduction in petitioners sentence under 18 USC § 3582(c)(2).

As stated previously amendment 706, Appendix C, of the USSG, was passed and approved by the United States Sentencing Commisson on November 1,2007.

Petitioner sentencing was held on January 21,2003 and the defendant/petitioner never got the benefit of amendment 706, when his Guideline Sentence was calculated and imposed by this court.

Amendment 706, USSG Appendix C, need not be cited in its entirety here, but it should be noted that amendment directs that when a defendant pleads guilty to a violation of 21 USC §§ 841(a)(1) and 860(a), as the defendant/petitioner did in this case, and is sentenced under 2D1.1(c), which the defendant/petitioner was in this case, then the amendment 706 reduces the offense level for the Distribution of less than 250MG of cocaine base, which was the basis for the 21 USC § 860(a) conviction.

See USSG Appendix C, Amendment 706- **Reason for Amendment,** "The purpose of this amendment (1) To the crack guideline is because the 100-to-1 drug quantity ratio between crack cocaine and powder cocaine has created problems that "are so urgent and compelling" that an iterim measure was deemed necessary.

(2) In its latest report, the Commission found that the current penalties for crack cocaine overstate the harm of crack compared to powder cocaine, are too broad and apply mostly to low-level offenders; primarily African American defendants; overstate the seriousness of most crack offenses and fail to provide adequate proportionality. (3) The Commission has repeatedly criticized the 100-to-1 ratio since its 1995 report on Cocaine and Federal Sentencing Policy because of the gravity of the problems caused by the harshness of the crack cocaine sentencing structure.

In other words, as previously shown, the petitioner/defendant's underlying offense for the distribution when he had plead guilty to a violation of 21 USC § 841(a)(1) and was sentenced to 27 months with 6 years supervised release for a violation of 860(a) in relation to his underlying offense.

The sentencing amendment that was made retroactively available to the petitioner/defendant, and correctable by this Honorable Court under USSG 1B1.10(c) and 18 USC § 3582(c)(2), Amendment 706, is fully shown by this petitioner/defendant guideline calculations according to the Amendment 706, which would place the petitioner/defendants original sentencing offense level at 10, with a sentence of 15 to 21 months and 3 years of supervised release.

Thus placing the petitioner/defendant's 6 years supervision at 3 years making the 18 USC § 3583(g)(4) violation statutory maximum sentence longer than necessary to accomplish the 18 USC § 3553(a)(4)(B) objections, the applicable guidelines or policy statements issued by the Sentencing Commission

pursuant to section 994(a)(3) of title 28, United States Code.

The petitioner/defendant asks that this Honorable Court construe his motion/pleading liberaly. Petitioner is without counsel, and is not well schooled in the intricacy of the law, and is only trying to obtain relief he is entitled to under the Amendment 706 of the United States Sentencing Guideline and protect his Constitutional Rights in the above entitled case.

Wherefore the petitioner/defendant prays that in the interest of justice this Honorable Court modify his sentencing Guideline, and Amendment 706 to the Sentencing Guideline to reflect a two level reduction in his base offense level for his underlying crime and issue a modified sentencing order in the above entitled case.

Respectfully Submitted,

Loren D. Hammond III, Pro-se

## CERTIFICATE OF SERVICE

I hereby certify that on this  2d  day of January  ,2008 a true and accurate copy of the foregoing was mailed, first class postage pre-paid, addressed as follows:

UNITED STATES DISTRICT COURT
    DISTRICT OF HAWAII
300 ALA MOANA BLVD., C-338
Honolulu, Hawaii 96850-0338

RICHARD GRONNA, Esq.
Haseko Center
820 Mililani Street, Suite 502
Honolulu, Hawaii 96813

THOMAS KOENIG, Esq.
Special Assistant U.S. Attorney
District of Hawaii
Room 6100 - PJKK Federal Bldg.
300 Ala Moana Blvd.
Honolulu, Hawaii 96813-0338

                                      By: Loren D. Hammond III,
                                          USMS No.: #88988-022
                                          FCI ENGLEWOOD
                                          9595 W. Quincy Ave.
                                          Littleton, Colorado
                                                    80123-1159