IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00226-02 DAE |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LOREN D. HAMMOND, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |
| _____ | ) | |

ORDER DENYING PETITIONER'S MOTION FOR MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT PURSUANT TO THE U.S.S.G. & 18 U.S.C. § 3582; ORDER DENYING PETITIONER'S SUPPLEMENT MOTION FOR MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2)

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner's motions and the supporting and opposing memoranda, the Court DENIES Petitioner's Motion to Modify an Imposed Term of Imprisonment Pursuant to the U.S.S.G. & 18 U.S.C. § 3582 and DENIES Petitioner's Supplement Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2).

BACKGROUND

On January 21, 2003, Petitioner was sentenced to 27 months incarceration, to be followed by six years of supervised release,[1] for violating 21 U.S.C. §§ 841(a)(1) and 860, Distribution of Cocaine Within 1,000 feet of a School or Playground. Petitioner served the term of incarceration and commenced the term of supervised release on February 14, 2005.

On May 17, 2006, the U.S. Probation Office filed a Request for Course of Action, alleging violations of the terms of Petitioner's supervised release.[2] This Court issued a warrant for Petitioner's arrest on May 18, 2006 and Petitioner was arrested on May 19, 2006. On May 25, 2006, this Court held a hearing to determine Petitioner's status. Following the hearing, Defendant was sentenced to serve 36 months of imprisonment.

Petitioner filed a notice of appeal on June 9, 2006. Petitioner did not state any grounds for his appeal. The Ninth Circuit granted Petitioner's Motion for Voluntary Dismissal of Appeal on March 8, 2007.

---

[1] As a condition of his supervised release, Petitioner was prohibited from using or possessing illegal controlled substances. Petitioner was also required to submit to drug testing.

[2] Petitioner tested positive for marijuana on four occasions and admitted to the possession and use of marijuana in April 2006.

On December 21, 2007, Petitioner filed a Motion to Modify an Imposed Term of Imprisonment Pursuant to the U.S.S.G. & 18 U.S.C. § 3582 ("First Motion to Modify"). On January 7, 2008, Petitioner filed a Supplement Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) ("Second Motion to Modify") (Doc. # 182). On January 8, 2008, the Government filed a response to the First Motion to Modify (Doc. # 184).

## DISCUSSION

The First Motion to Modify and Second Motion to modify make identical substantive arguments. As such, the Court addresses both motions here. Petitioner argues that the term of imprisonment he is currently serving for violation of terms and conditions of supervised release is improper because the United States Sentencing Commission ("Commission") has amended the United States Sentencing Commission Guidelines Manual ("Guidelines"), lowering the guideline range for "crack" cocaine offenses effective March 3, 2008.

Petitioner's motions are based on 18 U.S.C. § 3582(c)(2), which provides:

> (c) Modification of an imposed term of imprisonment.–
> The court may not modify a term of imprisonment once it
> has been imposed except that–
>     \*        \*        \*

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 of the Guidelines identifies the amendments that may be applied retroactively and articulates the proper procedure for implementing the relevant amendment in a concluded case.[3] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which discusses the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which becomes effective March 8, 2008, provides in relevant part:

> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided

---

[3] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2) and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

> by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>> (A)  none of the amendments listed in subsection (c) is applicable to the defendant; or
>>
>> (B)  an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

An amendment to the Guidelines may be applied retroactively only when expressly listed in Section 1B1.10(c).  See, e.g., United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993).

The amendment at issue here is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[4]  On December 11, 2007, the Commission added Amendment 706 to the

---

[4] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, which also was effective November 1, 2007.

list of amendments that may be applied retroactively in Section 1B1.10(c), effective March 3, 2008.

Amendment 706 generally reduces by two levels the offense levels applicable to crack offenses. The Commission reasoned that, despite its stated criticism of the 100:1 ratio applied by Congress to crack offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.

The Commission had previously set crack offense levels in Section 2D1.1 of the Guidelines above the range that included the mandatory minimum sentence. Under Amendment 706, the Commission set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities that fall below, between, or above quantities that trigger statutory minimum penalties. For example, a trafficking offense involving five grams of crack requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). The revised guideline for this offense therefore sets an offense level of 24 to a quantity of crack of at least 5 grams but less than 20 grams. At

criminal history level I, this level produces a range of 51 to 63 months, thereby encompassing the 60-month statutory minimum.

To further explain through examples, at the high end, the relevant guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more. A quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.[5]

Amendment 706, however, does not benefit Petitioner. First, Petitioner is presently serving a term of imprisonment for violating the terms of his supervised release, not for his original offense. Section 1B1.10, which, pursuant to Congressional authority, defines the circumstances in which a sentence may be reduced based on a retroactive amendment, states in its application notes: "Supervised Release.— (A) Exclusion Relating to Revocation.— Only a term of imprisonment imposed as part of the <u>original</u> <u>sentence</u> is authorized to be reduced under this section. This section does not authorize a reduction in the term of

---

[5] In addition, Amendment 711 made conforming amendments to the drug conversion chart, which is employed when the convicted offenses involved crack and another controlled substance.

imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10 app. note 4(A) (emphasis added).  As such, Amendment 706 does not apply to Petitioner.

Second, even if Amendment 706 could apply to Petitioner, its application would have had no effect on his original sentence.  Amendment 706 revised Section 2D1.1(c)(14) by indicating that less than 500 milligrams of cocaine base corresponds to a base offense level of 12.  As it pertains to Petitioner's original conviction, the applicable guideline section for a violation of 21 U.S.C. § 860(a) is Section 2D1.2.  The base offense level under this section is two, plus the offense level from Section 2D1.1 applicable to the quantity of the controlled substance distributed within the protected zone as specified by the statute.  Petitioner distributed 80 milligrams of cocaine base within 1,000 feet of a private university, resulting in a base offense level under Section 2D1.1(c)(14) of 12.  With a two-level increase, therefore, the base offense level pursuant to Section 2D1.2(a) is 14.  This is the same base offense level that was determined to apply to Petitioner at his original sentencing.  As a result, even if Petitioner was incarcerated pursuant to his original conviction, Amendment 706 would not provide him with the relief he seeks here.

## CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's Motion for Modification of an Imposed Term of Imprisonment Pursuant to the U.S.S.G. & 18 U.S.C. § 3582 and DENIES Petitioner's Supplement Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 15, 2008.



_____
David Alan Ezra
United States District Judge

USA v. HAMMOND, CR No. 02-00226-02 DAE; ORDER DENYING PETITIONER'S MOTION FOR MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT PURSUANT TO THE U.S.S.G. & 18 U.S.C. § 3582; ORDER DENYING PETITIONER'S SUPPLEMENT MOTION FOR MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2)